NOTE: CHANGES MADE BY THE COURT

1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT H. PLATT (Bar No. CA 108533)
2  ESRA ACIKALIN HUDSON (Bar No. CA 202881)
   EVE L. TORRES (Bar No. CA 303651)
3  11355 West Olympic Boulevard
   Los Angeles, CA  90064-1614
4  Telephone:  (310) 312-4000
   Facsimile:  (310) 312-4224
5  Email: rplatt@manatt.com; ehudson@manatt.com;
   eltorres@manatt.com
6
   *Attorneys for Defendant*
7  RAYTHEON COMPANY

8  LAW OFFICES OF VICTOR L. GEORGE
   VICTOR L. GEORGE (Bar No. CA 110504)
9  WAYNE C. SMITH (Bar No. CA 122535)
   20355 Hawthorne Blvd., First Floor
10 Torrance, CA 90503
   Telephone:  (310) 698-0990
11 Facsimile:  (310) 698-0995
   E-mail: vgeorge@vgeorgelaw.com
12
   *Attorneys for Plaintiff*
13 IMELDA ORTIZ

14
15                    UNITED STATES DISTRICT COURT

16                   CENTRAL DISTRICT OF CALIFORNIA

17

18 | IMELDA ORTIZ, an individual, | Case No.  2:16-cv-00900-ODW-PLA |

19 | Plaintiff, | **Hon. Otis D. Wright, II** |
   | | **Magistrate Judge:  Hon. Paul L.** |
   | vs. | **Abrams** |

20
21 | RAYTHEON COMPANY, Space and | **DISCOVERY MATTER** |
   | Airborne Systems, a business, form | |
22 | unknown; and DOES 1 through 20, | **STIPULATED PROTECTIVE** |
   | inclusive, | **ORDER** |

23 | Defendants. | Action Filed:  December 3, 2015 |
   | | Trial Date:      March 28, 2017 |

24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1    The parties to this Action, through their counsel of record, have stipulated
2    and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary
3    and useful to protect the confidentiality of documents and other information
4    obtained in the course of discovery in this Action, and have stipulated and agreed to
5    be bound by the terms of this Stipulated Protective Order ("Protective Order").
6    Discovery in this Action is likely to involve production of confidential,
7    proprietary, or private information for which special protection from public
8    disclosure and from use for any purpose other than prosecuting this litigation may
9    be warranted. Accordingly, the parties hereby stipulate to and petition the Court to
10   enter the following Protective Order.

11                                   **DEFINITIONS**

12          1.     The term "Protected Material" shall mean information or documents
13   designated as "Confidential Information" and/or "EXPORT-CONTROL-
14   RESTRICTED" information.

15          2.     The term "Producing Party" means the party or non-party producing or
16   disclosing documents or information that are designated as Protected Material
17   under this Protective Order.

18          3.     The term "Receiving Party" shall mean the party or parties to whom
19   Protected Material is produced or otherwise disclosed.

20                                      **SCOPE**

21          4.     This Protective Order shall be applicable to and govern all Protected
22   Material produced, furnished, or created during the course of this Action, including
23   any materials or information sought from a non-party who receives a subpoena in
24   connection with this Action or otherwise produces materials or information in this
25   Action. The Protected Material subject to this Protective Order includes, but is not
26   limited to, materials and information produced in response to requests for
27   production of documents; answers to interrogatories; answers to requests for
28   admission; responses to requests for production of documents; deposition

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

[PROPOSED] STIPULATED
PROTECTIVE ORDER

testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this Action. Any summary, analysis, description, compilation, notes, excerpt, copy, electronic image or database containing Protected Material shall be subject to the terms of this Protective Order to the same extent as the material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

5.     This Protective Order applies to all Protected Material produced in this Action, regardless of whether such document or information was produced prior to or after entry of this Order.

6.     In the event that non-parties produce Protected Material in connection with this Action, the production may be made subject to the provisions of this Protective Order, including because a Party may designate material produced by non-parties as Protected Material. As necessary and appropriate to uphold the terms of this Protective Order, the existence of this Protective Order may be disclosed to any person (including any non-party served with a subpoena in this Action) producing Protected Material in this Action.

7.     Nothing in this Protective Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern. Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.

## DESIGNATION

8.     <u>Confidential Information</u>.  Any party or non-party may designate information, documents, or deposition testimony produced in this Action as "Confidential Information" if such party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Rules of Civil Procedure, or is otherwise protected from public disclosure as contemplated by this Protective Order. This includes but is not limited to confidential research and development information; customer and supplier information; company personnel information; marketing strategies and information; strategic business information (including but not limited to business plans, forecasts, cost information, or logistical information); financial information; employee information; personal medical information; private personal information; health information; and tax returns.

9.      Any information supplied in documentary or other tangible form may be designated by the Producing Party as Confidential Information by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, the legend "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION." Where such marking of material is impossible or impractical (such as groups of documents in native form), the Producing Party shall designate in writing, at the time of its production, that the material contains Confidential Information. Information produced by a non-party but subsequently designated as confidential by a party to the Action shall be treated as Confidential Information, and the recipients shall either mark their copies as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" or request that the Producing Party provide a replacement set so marked.

10.      Export-Control-Restricted Information.  "EXPORT-CONTROL-RESTRICTED" documents, information, material, and deposition testimony may not be exported, reexported, temporarily imported, transferred, or retransferred to any non-U.S. person (which shall include a U.S. person with dual citizenship), country, or entity, by any means, without the appropriate approval of the U.S. Department of State, Directorate of Defense Trade Controls ("DDTC") for International Traffic in Arms Regulations ("ITAR") Restricted materials, and the U.S. Department of Commerce, Bureau of Industry and Security ("BIS") for Export

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

4

[PROPOSED] STIPULATED
PROTECTIVE ORDER

Administration Regulations ("EAR") Restricted materials. These restrictions also apply to United States citizens and permanent residents employed by a company or organization that falls within the definition of "foreign person." *See* ITAR, 22 C.F.R. § 120.16. United States persons employed by such a foreign organization or company are not eligible to receive ITAR- controlled information absent an authorization from the DDTC or EAR-controlled information absent an authorization from the BIS.

11.    In any instance where information designated as EXPORT-CONTROL- RESTRICTED is accessed, the person with such access shall not transfer, carry, or send such information to a location outside the United States, including via any electronic device or means, nor otherwise share such information with any person not explicitly authorized to receive such information as set forth above.

12.    EXPORT-CONTROL-RESTRICTED documents and material related to this case containing technical data under the ITAR or EAR must be protected from export or transfer to unauthorized foreign persons, whether located inside or outside of the United States, including any foreign persons (as defined under these export control regimes) or U.S. persons with dual citizenship, that may be employed by law firms, consultants, or any other third party involved in this dispute. Additionally, the furnishing of technical assistance (including the disclosure or release of export-controlled technical data) may constitute a "defense service," which also requires approval. Any disclosure of produced export-controlled technical data, or furnishing of technical assistance where an authorization is needed but not secured, constitutes an export violation, which should be disclosed to the U.S. Department of State.

13.    Counsel will take all necessary steps to ensure that any EXPORT-CONTROL- RESTRICTED documents and information will only be provided to, or accessible by, U.S. persons (or U.S. persons without dual citizenship) serving as

expert or fact witnesses, or acting on behalf of Counsel as employees, contractors, vendors, or other service providers on a need to know basis. Additionally, Counsel will take all necessary steps to ensure access to these documents will be restricted to U.S. persons (as defined by ITAR § 120.15), that these documents will not be exported to foreign persons or foreign countries, and that no technical assistance directly related to controlled defense articles or other commodities will be provided to foreign persons or foreign countries. Counsel will securely maintain EXPORT-CONTROL-RESTRICTED documents in a password-protected online repository accessible only to U.S. Persons, minimize printing and hard copy storage of EXPORT-CONTROL-RESTRICTED documents, and maintain any print copies in marked folders that are, when unattended, stored in locked cabinets and/or offices to which only U.S. persons have access.

14.     Any party or non-party may designate information, documents, or deposition testimony produced in this Action as "EXPORT-CONTROL-RESTRICTED" if such party has the reasonable and good faith belief that such information, documents, or testimony may contain ITAR or EAR restricted materials. Any information supplied in documentary or other tangible form may be designated EXPORT-CONTROL- RESTRICTED by the Producing Party by marking or stamping on each page of such document, transcript, or exhibit, or on the face of such thing, the legend "EXPORT- CONTROL-RESTRICTED." So long as it is consistent with applicable regulations, where such marking of material is impossible or impractical, the Producing Party shall designate in writing, at the time of its production, that the material contains EXPORT- CONTROL-RESTRICTED. Information produced by any party or non-party but subsequently designated as EXPORT-CONTROL-RESTRICTED by a party to the Action shall be treated as EXPORT-CONTROL-RESTRICTED information, and the recipients shall either mark their copies as "EXPORT-CONTROL-RESTRICTED" or request that the Producing Party provide a replacement set so marked.

15. <u>Designating Deposition Testimony</u>.  In the event that any question is asked at a deposition that involves or calls for the disclosure of Protected Material, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are permitted to receive the Protected Material. Testimony given at a deposition may be designated as Protected Material by making a statement to that effect on the record. Alternatively, within thirty (30) business days after receipt of a final transcript, the parties also may designate such transcript or any portion thereof by notifying all parties, in writing, of the specific pages and lines of the transcript which should be treated as Protected Material. All deposition transcripts shall be treated as Protected Material until thirty (30) business days after receipt thereof by counsel for the parties and counsel for the witness. The reporter for any deposition shall mark with the legend "CONFIDENTIAL" and/or "EXPORT-CONTROL-RESTRICTED," as applicable, pages that contain testimony designated as Protected Material during the deposition.

16. <u>Inadvertent Failure to Designate as Protected Material</u>.  Inadvertent failure to designate any material or information as Protected Material pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection and may be remedied by supplemental written notice. If such notice is given, all information so designated shall be fully subject to this Protective Order as if it had been initially designated as Protected Material. After any designation is made in accordance with this paragraph, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently undesignated documents and for the substitution, where appropriate, of properly labeled copies. An inadvertent failure to designate does not relieve a recipient of obligations under ITAR and EAR. Furthermore, ITAR and EAR contain additional provisions relating to the disclosure of any actual or suspected infractions regarding

"EXPORT-CONTROL- RESTRICTED" documents and things.[1] Any party aware of actual or suspected violations of ITAR and/or EAR will immediately inform, and await further instructions from, the Producing Party.

## ACCESS AND USE OF PROTECTED MATERIAL

17.    All information or documents disclosed in this Action, whether or not containing Protected Material, shall be used solely for purposes of this Action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.

18.    Protected Material shall be maintained in confidence pursuant to this Protective Order and any applicable statutes or regulations, and shall be disclosed only to the following persons:

a.    Counsel and in-house counsel for the parties, as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in the Action;

b.    Officers and employees of the named parties, but only insofar as reasonably necessary for the prosecution and defense of the Action;

c.    Non-party experts or consultants retained in good faith to assist the parties in connection with the Action, provided that prior to the time that any such expert or consultant is given access to Protected Material, such person is provided with a copy of this Protective Order, such expert or consultant shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Protective Order, which undertaking shall be retained by counsel for the party who engaged such expert or

---

[1] *See, e.g.*, ITAR, 22 C.F.R. § 127.12; EAR, 15 C.F.R. §§ 730-44.

consultant, and, to the extent applicable, such person is permitted access consistent with ITAR and EAR;

d.   Any witness or potential witness and counsel for that witness or potential witness. If the witness or potential witness is neither currently employed by the Producing Party nor an expert witness covered by subparagraph c above, the Protected Material may be disclosed to the witness or potential witness only if the Protected Material is relevant to the Action and to the person's knowledge and potential testimony, and provided that, prior to the time that any such witness or potential witness is given access to Protected Material, such person is provided with a copy of this Protective Order and (i) such person executes an undertaking in the form of Exhibit A hereto agreeing to be bound by this Stipulated Protective Order or, if the witness or potential witness refuses to executes the undertaking, (ii) counsel giving access to Protected Material advises the witness or potential witness of the provisions of this Protective Order and prevents such witness or potential witness from retaining possession of any Protected Material, and (iii) to the extent applicable, such person is permitted access consistent with ITAR and EAR;

e.   Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Protected Material is disclosed, provided that, to the extent applicable, any such person is permitted access consistent with ITAR and EAR;

f.   Any persons requested by counsel to furnish services such as a mock trial or jury profiling; translation or court reporting services; demonstrative exhibit preparation; the creation of any

1              computer database from documents; or the production,

2              reproduction, organizing, filing, coding, cataloging, converting,

3              storing, retrieving and review of Protected Material, to the

4              extent reasonably necessary to assist the parties in connection

5              with the Action, provided that, to the extent applicable, any such

6              person is permitted access consistent with ITAR and EAR; and

7     g.     Any other person designated by the Court, upon such terms as

8              the Court may deem proper, or agreed to by written stipulation

9              of the parties; and

10    h.     The Court and its personnel.

11    19.    Counsel is responsible for ensuring that those persons identified in

12 subsections (c), (f) and (g) of this section are aware of the terms and conditions of

13 this Protective Order, and for complying with ITAR and EAR, including by

14 obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

15    20.    If any person wishes to submit any Protected Material to the Court, the

16 person shall, unless directed by the Court to do otherwise, comply with Local Rule

17 79-5, including any procedures adopted under the Pilot Project for the Electronic

18 Submission and Filing of Under Seal Documents. **Good cause must be shown to**

19 **file any material under seal.**  If a person's request to maintain a submission

20 containing Protected Material under seal is denied as to one or more submissions,

21 and the person does not seek reconsideration under the applicable Local Rules or

22 otherwise appeal the denial, then those submissions may be placed in the public

23 record.

24    21.    If Protected Material is disclosed to or comes into the possession of

25 any person other than in a manner authorized in this Protective Order, the party

26 responsible for the disclosure shall immediately (1) inform those persons of this

27 Protective Order; and (2) inform the person who designated the material as

28 Protected Material and the other parties already subject to this Protective Order that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

10

[PROPOSED] STIPULATED
PROTECTIVE ORDER

are in possession of such Protected Material of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Protected Material.

## CHALLENGING DESIGNATION

22.     If the Receiving Party disagrees with the designation by the Producing Party, then the parties shall comply with Local Rule 37 in resolving the dispute. Pending a determination by the Court, such information shall be treated by all parties as Protected Material in accordance with this Protective Order. The Receiving Party shall bear the burden and expense of establishing the impropriety of the challenged designation.

## ADDITIONAL PROVISIONS

23.     Nothing in this Protective Order shall prejudice the right of any party to object to the production of any discovery material on the grounds permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

24.     Nothing in this Protective Order shall prejudice the right of any party to object to the production of any discovery material on the grounds that it is protected from disclosure by this Court's Order Granting Defendant's Motion for Protective Order [Dkt. #18], entered by the Honorable Paul L. Abrams on July 7, 2016.

25.     Nothing in this Protective Order, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Protective Order; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

26.     Nothing in this Protective Order shall limit a Producing Party's use of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1  its own Protected Material. Such disclosures shall not affect any designation of

2  such documents as Protected Material.

3         27.     Within sixty (60) days after final termination of this Action, including

4  all appeals, all parties and experts, consultants and witnesses shall (i) return to the

5  Producing Party or, with the Producing Party's written permission, destroy all

6  originals of material produced and designated as Protected Material and all identical

7  copies, whether in whole or in part, of such documents, and (ii) destroy all copies

8  thereof, as well as all notes, memoranda or other documents that summarize,

9  discuss or quote materials produced and designated as Protected Material, except

10  that, with respect to word processing and database tapes and disks, they shall

11  destroy or erase such tapes or disks to the extent practicable. Outside counsel for

12  each party shall be entitled to retain copies of any deposition transcripts and

13  exhibits and any pleadings, motions, memoranda, or exhibits that have been filed

14  with the Court or admitted into evidence and that contain or refer to information

15  designated as Protected Material, provided that all such documents shall remain

16  subject to this Protective Order. Counsel of record for the parties shall certify in

17  writing to each Producing Party that the foregoing has been complied with.

18         28.     This Protective Order will be enforced under applicable law. All other

19  remedies available to any person injured by a violation of this Protective Order are

20  fully reserved.

21         29.     The Court retains jurisdiction to amend or modify this Protective

22  Order upon stipulation of the parties to this Action, motion by a party or non-party,

23  or on its own motion.  Nothing in this Protective Order abridges the right of any

24  person to seek its modification by the Court in the future.

25  / / /

26  / / /

27  / / /

28  / / /

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

12

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1 | ///

2 | 30. This Protective Order shall survive and remain in full force and effect

3 | after termination of this Action.

4 | IT IS SO STIPULATED.

5 |

6 | Dated: October 28, 2016          MANATT, PHELPS & PHILLIPS, LLP
7 |                                  Robert H. Platt
  |                                  Esra Acikalin Hudson
8 |                                  Eve L. Torres

9 |

10 |                                 By: /s/: Esra Acikalin Hudson[*]
   |                                     Esra Acikalin Hudson
11 |                                     *Attorneys for Defendant*
   |                                     RAYTHEON COMPANY

12 |

13 | Dated: October 28, 2016          LAW OFFICES OF VICTOR L.
   |                                  GEORGE
14 |                                  Victor L. George
   |                                  Wayne C. Smith

15 |

16 |                                 By: /s/: Wayne C. Smith
17 |                                     Wayne C. Smith
   |                                     *Attorneys for Plaintiff*
18 |                                     IMELDA ORTIZ

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | _____

28 | [*] Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the
   | filing's content and have authorized the filing.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

13

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1

## **ORDER**

2          For good cause shown, the Court GRANTS the parties' Stipulated Protective

3   Order.

4          IT IS SO ORDERED.

5

6   Dated:

7          10/31/16_____                The Honorable Paul L. Abrams
                                               United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] STIPULATED PROTECTIVE
ORDER

1

**EXHIBIT A**

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12   IMELDA ORTIZ, an individual,          Case No.  2:16-cv-00900-ODW-PLA

13                Plaintiff,

14        vs.                              **AGREEMENT TO BE BOUND BY
                                           PROTECTIVE ORDER**
15   RAYTHEON COMPANY, Space and
     Airborne Systems, a business, form
16   unknown; and DOES 1 through 20,
     inclusive,
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

[PROPOSED] STIPULATED
PROTECTIVE ORDER

1     I, _____, declare that:

2          1.     I am (check one) [ ] a party to this action, or [ ] employed as _____

3     _____ by _____

4     _____.

5          2.     I have read and understand the Protective Order that has been entered

6     in *Imelda Ortiz v. Raytheon Company*, Case No. 2:16-cv-00900-ODW-PLA.

7          3.     I will comply with all of the provisions of the Protective Order. I will

8     hold in confidence, will not disclose to anyone not qualified under the Protective

9     Order, and will use only for purposes of this action any information disclosed to me

10    that has been designated as "Protected Material" under the terms of the Protective

11    Order.

12         4.     Promptly upon termination of this action, at the latest, I will return all

13    documents and things designated as Protected Material that came into my

14    possession, and all documents and things that I have prepared relating thereto, to

15    the party from which I received it.

16         5.     I hereby submit to the jurisdiction of this Court for the purpose of

17    enforcement of the Protective Order in this action.

18         6.     I understand that any disclosure or use of "Confidential" information

19    in any manner contrary to the provisions of the Protective Order may subject me to

20    sanctions for contempt of court.

21         7.     I understand that the Arms Export Control Act, ITAR, and EAR also

22    impose criminal and civil penalties for violations of their provisions, such as the

23    unlicensed export, disclosure, or transfer of technical data to a foreign person.

24         I declare under penalty of perjury under the laws of the United States of

25    America that the foregoing is true and correct.

26    Dated: _____

27    _____          _____

28              (SIGN NAME)                              (PRINT NAME)

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

3

[PROPOSED] STIPULATED
PROTECTIVE ORDER